IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MILES ORLANDO LEE, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 4:07-CV-0437 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| MS. SHILO, <u>et al.</u>, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**February 20, 2008**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Two Motions are presently pending before this Court. The first is a Motion to Dismiss or, in the Alternative, for Summary Judgment ("Defendants' Motion") (doc. 25), filed by all remaining Defendants[1] to this action on August 30, 2007, and this second is a "Discovery Motion" ("Plaintiff's Motion") (doc. 43), filed by Plaintiff Miles Orlando Lee ("Plaintiff" or "Lee") on November 26, 2007.

On November 27, 2007, the United States Magistrate Judge J. Andrew Smyser ("Magistrate Judge Smyser" or "Magistrate Judge") issued a Report

---

1 Remaining Defendants are officials or officers at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"): Ms. Shilo, Mr. Rodgers, Mr. Lofton, Mr. Adami, Mr. Rice, Mr. Strada, Mr. Chambers, and Mr. Hoekman.

1

recommending that Defendants' Motion be granted. (Rec. Doc. 41). For the reasons that follow, we will adopt the learned Magistrate Judge's Report in its entirety, and, accordingly, grant Defendants' Motion and deny Plaintiff's Motion.

**PROCEDURAL HISTORY:**

On March 7, 2007, Plaintiff filed a Complaint initiating the instant Bivens[2] action against multiple Defendants working at USP-Lewisburg.[3] (Rec. Doc. 1). On April 20, 2007, with leave of the Court, Plaintiff filed an Amended Complaint wherein Plaintiff expressed his desire to "drop" three (3) Defendants named in his original Complaint. (See Rec. Doc. 14 at 1 n.1). Thus, the three (3) identified Defendants were terminated as parties to this action.

As to the remaining eight (8) Defendants, Plaintiff's Amended Complaint contains a myriad of allegations. First, the Amended Complaint alleges that Defendant Shilo engaged in inappropriate sexual relations with inmates in exchange for those inmates harming prisoners who refused to participate in a conspiracy related to USP-Lewisburg's Food Service. Id. The Amended Complaint further alleges that the conspiracy involved encouraging inmates to steal

---

2 See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

3 Plaintiff is now confined at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock"), but all claims arise out of his confinement at USP-Lewisburg.

food, sell it, and split the profits with Defendants working in Food Service ("Food Service Defendants").  Id.  Notably, Plaintiff also alleges that Defendant Shilo retaliated against him for his refusal to participate in the conspiracy.  Id.  Moreover, Plaintiff claims that Food Service Defendants engaged in racial discrimination.  Id.

Subsequently, Plaintiff filed a Motion to Appoint Counsel (doc. 32) that was denied (doc. 39).

As noted above, presently pending before the Court are two Motions.  The first, Defendants' Motion, was filed on August 30, 2007.  (Rec. Doc. 25).  The second, Plaintiff's Motion, was filed on November 26, 2007.  (Rec. Doc. 43).  Both Motions have been briefed.  (See Rec. Docs. 30, 34, 44, 47).

Following briefing (see docs. 30, 34) on Defendants' Motion,[4] Magistrate Judge Smyser issued a November 27, 2007 Report recommending that Defendants' Motion be granted and that the case file closed.  (See Rec. Doc. 41).  On December 6, 2007, Plaintiff submitted two (2) filings: 1) a letter with an attached "Informal Resolution Attempt" (doc. 45); and 2) a submission styled as a response to

---

[4] Notably, in violation of Local Rule 56.1, Plaintiff did not file a Statement of Material Facts responding to that which Defendants appropriately filed in support of their Motion.  (See Rec. Doc. 31).

3

Defendants' Motion (doc. 46), which we construe as Objections to Magistrate Judge Smyser's Report.

In light of the foregoing, all pending submissions are ripe for disposition.

## STANDARD OF REVIEW:

When objections are filed to a report of a magistrate judge, we make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. See United States v. Raddatz, 447 U.S. 667 (1980). See also 28 U.S.C. § 636(b)(1); Local Rule 72.3l. Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge. See id. Indeed, in providing for a de novo review determination rather than a de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. See id. See also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

## DISCUSSION:

Because Defendants' Motion and the Report thereon are case-dispositive, we begin our discussion with the same. As the Report accurately noted (doc. 41 at 5), the only issue raised by Defendants' Motion (see docs. 25, 30) is Plaintiff's alleged

failure to exhaust his administrative remedies, in violation of the Prison Litigation Reform Act of 1996 ("PLRA").  See 42 U.S.C. § 1997e(a) (providing, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under . . . (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (emphasis added)).  As the Magistrate Judge recognized, failure to exhaust administrative remedies is an affirmative defense that must be pleaded and proven by Defendants.  (See Rec. Doc. 41 at 5).  Accordingly, as the Magistrate Judge did, this Court will address Defendants' Motion as one seeking summary judgment.

Summary judgment is appropriate if the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  While the moving party bears the burden of pleading and proving the absence of any genuine issue of material fact, Rule 56 mandates entry of summary judgment against the non-moving party if that party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  To determine whether a genuine issue of material fact exists, "a district court must view the facts in the light most favorable to the non-moving party and

must make all reasonable inferences in that party's favor." Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (2005).

    As the Magistrate Judge noted (see doc. 41 at 8-9), the administrative remedy process employed by the Bureau of Prisons ("BOP") consists of four (4) levels, and each step must be attempted in order to satisfy the exhaustion requirement applicable to actions that are brought in federal court. 28 C.F.R. § 542.10, et seq. First, a prisoner must informally present a complaint. 28 C.F.R. § 542.13. If this attempt is unsuccessful, then within twenty (20) days of the basis for the complaint, the inmate must file an Administrative Remedy Request with the appropriate institution staff member. 28 C.F.R. § 542.14. The Warden will respond to this Request. If the inmate is dissatisfied with the response, the inmate must appeal to the BOP Regional Director within twenty (20) days of the Warden's response. 28 C.F.R. § 542.15. Finally, if the inmate is dissatisfied with the response of the Regional Director, the inmate must then make the final administrative appeal to the BOP General Counsel within thirty (30) days of the Regional Director's response. Id.

    The Magistrate Judge also indicated that because Plaintiff did not file a Statement of Material Facts responsive to Defendants' Statement of Material Facts (doc. 31), the facts in Defendants' submission could be deemed admitted under this

Court's Local Rule 56.1. Then, considering the facts outlined in Defendants' submission, the Magistrate Judge concluded that "the plaintiff failed to fully exhaust administrative remedies before commencing the instant action." (Rec. Doc. 41 at 11). On that basis, and in light of the BOP regulations and 42 U.S.C. § 1997e(a), the Magistrate Judge recommended that Defendants' Motion be granted and this action be closed.

Our review of the Report leads us to conclude that the Magistrate Judge's analysis is entirely appropriate. However, in the interest of caution, we note that our independent review of the record submitted by Defendants (see doc. 30-2) confirms all of the facts that the Magistrate Judge deemed admitted. Indeed, Plaintiff filed, with the Warden of USP-Lewisburg, five (5) Administrative Remedy Requests relevant to this action. Id. The Warden granted one (1) of the five (5) Requests and denied the others. Id. Plaintiff neither appealed the Warden's responses to the Regional Director nor pursued any other administrative remedies.[5] Id.

Accordingly, the record plainly shows that although Plaintiff may have filed requests informally or at the institutional level, he never appealed any of the

---

5 In the interest of completeness, we note that the "Informal Resolution Attempt" filed with a letter Plaintiff submitted in December of 2007 (see doc. 45) does not controvert our findings in the above paragraph. Rather, it is evidence of only a preliminary step in the BOP's four (4) step administrative remedy process. See 28 C.F.R. § 542.10, et seq.

responses with which he was not satisfied to the BOP General Counsel, which is the final step required under BOP regulations. Therefore, Defendants have sufficiently pleaded and proven that Plaintiff failed to exhaust the administrative remedies available to him regarding these claims and, thus, that the PLRA bars Plaintiff's claims.

Review of the submission that we have construed as Plaintiff's Objections to the Report does not alter our conclusions. (See Rec. Doc. 46). Of the eleven (11) requests or statements contained therein, those within the following three (3) categories warrant some discussion.

First, many of Plaintiff's Objections to the Report assert in some fashion that without discovery Plaintiff "cannot present by affidavit facts essential to justify [his] opposition." (See, e.g., Rec. Doc. 46, at ¶ 1). Indeed, Plaintiff's pending Motion (doc. 43), which was apparently submitted as an alternate defense against Defendants' pending Motion, also concerns, inter alia, Plaintiff's requests for discovery. Our review of the items that Plaintiff mentions in both his pending Motion (doc. 43) and his Objections (doc. 46) reveals that although such discovery may have proven useful to Plaintiff in proving his claims, no amount of discovery will enable him to overcome the fact that his failure to exhaust administrative remedies procedurally bars the instant claims. Thus, we will deny as moot

8

Plaintiff's Motion, and we will overrule his Objections relating to his alleged need for discovery.

Another of Plaintiff's Objections asserts that the "[l]aw states that you do not have to exhaust your administrative remedys [sic] for a Bivens civil action." (Rec. Doc. 46 ¶ 9). This claim is patently false. As Magistrate Judge Smyser notes in his Report and Recommendation, "[a] prisoner must 'exhaust all administrative remedies' regardless of whether the administrative process may provide the prisoner with the relief that he is seeking." (Rec. Doc. 41 at 8 (quoting Nyhuis v. Reno, 204 F.3d 65, 75 (3d Cir. 2000)). See also Woodford v. Ngo, 548 U.S. 81 (2006); Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 739 (2001). Plaintiff's Objection grounded in the belief that he is not required to exhaust his administrative remedies for this Bivens action is, therefore, without merit, and it will be overruled.

Finally, one of Plaintiff's "Objections" involves a request for a certificate of appealability.⁶ Such is not actually an Objection to the Report, and, accordingly, it will be overruled on that basis. However, we also note that issuance of such a certificate is not warranted because the uncontested evidence establishes that Plaintiff has failed to exhaust his available administrative remedies and, thus, that

---

6 Plaintiff also filed a separate such request on January 14, 2008. (See Rec. Doc. 49).

his claims are procedurally barred by the PLRA.  Therefore, this Court will decline Plaintiff's invitations to issue a certificate of appealability.

## **CONCLUSION:**

For all of the aforestated reasons, we will overrule Plaintiff's Objections (doc. 46) to the learned Magistrate Judge's Report, adopt the Report and Recommendation (doc. 41) in its entirety, grant Defendants' Motion for Summary Judgment (doc. 25), and deny Plaintiff's "Discovery Motion" (doc. 43) as moot.

An appropriate Order closing this action shall issue on today's date.